IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE ALLEN,**

                **Plaintiff,**

     v.                                    CASE NO. 12-3047-SAC

**RAY ROBERTS, et al.,**

                **Defendants.**

O R D E R

    This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in a Kansas correctional facility.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**In Forma Pauperis - 28 U.S.C. § 1915**

    Plaintiff must pay the full $350.00 filing fee in this civil action.  See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).  Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

### Screening the Complaint – 28 U.S.C. § 1915A

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff states he was found guilty of two disciplinary charges regarding his involvement in a dining hall disturbance,[1] and one disciplinary charge filed against him after he was transferred to lockdown.[2] The sanction imposed included the loss of good time and his status being designated as an Other Security Risk (OSR). Plaintiff states the Secretary of the Kansas Department of Corrections (KDOC), on October 4, 2010, reversed the two disciplinary convictions related to the dining room incident, lifted plaintiff's OSR status, and ordered the return of all fines, property, and good time related to those convictions.

Plaintiff was released from *disciplinary* segregation on October 21, 2010, but remained in *administrative* segregation. He states his requests for transfer to the general population were denied, with the prison dining room disturbance cited as the reason for his continued segregated confinement. In response to an administrative grievance, Warden Roberts stated that plaintiff's segregation was appropriate because even though the two disciplinary reports had been dismissed, plaintiff's behavior and involvement in the incident was inappropriate and presented a security risk to the safety of others. Roberts further stated that plaintiff would be considered for release

---

[1] Misconduct in the Chow Hall (44-12-310); Incitement to Riot (44-12-319).
[2] Threat or Intimidation (44-12-306).

from segregation based upon plaintiff's behavior in segregation and consideration of plaintiff's involvement in the dining room incident. The KDOC Secretary affirmed this response.

Plaintiff filed the instant action to seek damages on his claim that he is being held in lockdown without due process.

However, it is well established that prison administrators are to be accorded substantial deference regarding matters of internal security and management of a correctional facility. *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Supreme Court has repeatedly approved deference to the broad administrative and discretionary authority of prison officials in their day-to-day management of correctional facilities. *Hewitt v. Helms*, 459 U.S. 460 (1983); *Hutto v. Finney*, 437 U.S. 678, *rehearing denied*, 439 U.S. 122 (1976). Such deference is appropriate because the managerial task facing prison officials is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Federal courts are "to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995). "Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id*. at 483.

Here, the decision to consider plaintiff's involvement in the dining room incident as a factor in determining plaintiff's prison classification clearly entails a prison managerial decision entitled to broad deference by this court. Plaintiff has no constitutional

right to preclude consideration of this information by prison officials simply because the related disciplinary adjudications were set aside.

It is generally understood that a prisoner's security classification "does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994). Plaintiff does not allege the conditions of his confinement impose an "atypical or significant hardship in relation to the ordinary incidents of prison life" for the purpose of creating a liberty interest protected by the Due Process Clause. *Id*. at 484. Nor does plaintiff dispute that he is afforded monthly review of his security classification.

The court thus finds the complaint sets forth no factual or legal basis for plausibly establishing any cognizable constitutional claim, and concludes the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

**Notice and Show Cause Order to Plaintiff**

Accordingly, plaintiff is directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief.[3] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii). The

---

[3] Plaintiff is advised that dismissal of the complaint as stating no claim for relief, 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii), will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED:  This 20th day of March 2013 at Topeka, Kansas.


　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge