**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**JOSEPH LEE ALLEN,**

                    **Plaintiff,**

          **v.**                                          **CASE NO. 12-3047-SAC**

**RAY ROBERTS, et al.,**

                    **Defendants.**



**O R D E R**

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis in this civil action seeking damages under 42 U.S.C. § 1983 for the alleged violation of his right to due process.  After screening the complaint pursuant to 28 U.S.C. § 1915A, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).  Having reviewed plaintiff's response, the court dismisses the complaint.

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242 (10th Cir.2000) (quotation marks and citation omitted).  Two showings are required to proceed on a procedural due process claim.  *See Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1149 (10th Cir.2001).

First, plaintiff must show that a protected liberty interest is implicated. *See id.; Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th Cir.2001).  Relevant to plaintiff's allegations, the Supreme Court has held that a due process liberty interest created by state

regulations will arise only when the punishment imposes an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life or when it will inevitably affect the duration of a sentence. *Sandin v. Connor*, 515 U.S. 472, 484 and 487 (1995).

Second, plaintiff must show the procedures used in addressing that liberty interest were inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149.

In the present case, plaintiff contends he is being unlawfully confined in administrative segregation without cause. Plaintiff's segregated confinement began in July 2010 when he was charged and then found guilty of two disciplinary charges regarding his involvement in a dining hall disturbance. He was then charged and found guilty of a separate disciplinary offense of threatening conduct while in lockdown. His status of being held in segregation as an Other Security Risk (OSR) was lifted when the Secretary of the Kansas Department of Corrections (KDOC) reversed the two disciplinary convictions related to the dining room incident, but plaintiff has remained in administrative segregation ever since. Plaintiff contends prison officials are unlawfully using his involvement in the dining room incident as a reason to keep in segregated confinement, and maintains the reversal of his conviction on the two disciplinary charges indicates that he no longer presents a threat to the facility.

However, plaintiff documents that Warden Roberts stated in his response to plaintiff's November 2010 administrative grievance, that plaintiff's segregation was appropriate because even though the two disciplinary reports had been dismissed, plaintiff's behavior and

involvement in the incident was inappropriate and presented a security risk to the safety of others. Warden Roberts further stated that plaintiff would be considered for release from segregation based upon plaintiff's behavior in segregation and consideration of plaintiff's involvement in the dining room incident. The KDOC Secretary affirmed this response in January 2011.

Also, the segregation review reports provided by plaintiff accurately cite the reasons for plaintiff's initial placement in segregation on July 28, 2010, and a December 2010 entry notes staff reliance on investigative reports as offering more information and details than provided in the disciplinary reports that were subsequently dismissed. The segregation review reports also reflect that after January 2011 plaintiff did not participate in monthly reviews of his segregation until February 2013, the month he filed the instant complaint.

Accordingly, to the extent plaintiff challenges the assessment by prison officials that plaintiff presents a continuing threat to the safety of the facility, no viable due process claim is presented. It is generally understood that a prisoner's security classification "does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994). While the reversed disciplinary adjudications may protect plaintiff from further disciplinary action or punishment on those two disciplinary charges, there is no merit to plaintiff's insistence that prison officials are thereby prevented

from considering his behavior during that incident in their assessment of the security risk plaintiff presents at the facility.

Although plaintiff maintains his segregation has adversely impacted the duration of his confinement, plaintiff identifies only the potential loss of good time he could have earned if released from segregation, rather than any loss of already earned good time credit. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996)("It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.")(internal quotation marks and citations omitted). *See also In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620 (2001)(in Kansas, loss of good-time credit not yet earned does not constitute a recognized liberty interest implicating due process).

Plaintiff also complains of being held in lockdown for three years, with the dining room incident continuing to be unfairly cited in his segregation reviews as the reason for his continued segregation. However, at the time plaintiff filed his complaint he had been in lockdown for approximately 20 months, and he alleges no significant deprivations regarding the conditions of that confinement.

But even if the court were to assume that plaintiff's allegations of extended segregated confinement are sufficient at this stage to plausibly establish a liberty interest protected by the Due Process Clause, it is apparent that plaintiff was afforded adequate procedural

protections.  The complaint fully establishes that monthly review of

plaintiff's segregation status was and is being provided, with an

opportunity for plaintiff's participation.  *See Wilkinson v. Austin,*

545 U.S. 209, 228-29 (2005)("[w]here the inquiry draws more on the

experience of prison administrators, and where the State's interest

implicates the safety of other inmates and personnel," the " informal,

non-adversary procedures" that allow notice and the opportunity to

be heard sufficiently satisfy due process requirements)(citations

omitted).  Although plaintiff broadly argues the review provided is

not meaningful because prison officials are relying on invalid and

improper reasons, the court finds no merit to this argument for the

reasons already stated.

The court thus finds the complaint as supplemented by plaintiff's

response to the show cause order fails to set forth a factual basis

to plausibly establish that any named defendant violated plaintiff's

right to due process.

IT IS THEREFORE ORDERED that the complaint is dismissed as

stating no claim upon which relief can be granted under 42 U.S.C. §

1983.

**IT IS SO ORDERED.**

DATED:  This 9th day of September 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge